UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES,                      )
                                    )
           v.                       )   CRIMINAL ACTION
                                    )   NO. 08-10339-WGY
AUSTIN GRUPEE                       )
                                    )
                                    )


                         MEMORANDUM AND ORDER


YOUNG, D.J.                                         December 15, 2009


I.   **INTRODUCTION**

     Austin Grupee ("Grupee") has been indicted for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) and for possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).  The evidence against Grupee includes three firearms, ammunition, a magazine, and cocaine found by the police pursuant to three separate search warrants.  Grupee moves to suppress all the evidence, alleging that the searches were conducted in violation of the Fourth Amendment because the affidavits supporting the search warrants were lacking in any indicia of probable cause.  A suppression hearing was held on October 21, 2009, at which time Grupee requested to submit further briefing.  After consideration of the parties' briefs and argument, the Court denies Grupee's

motion to suppress because the police affidavits provided a substantial basis on which the magistrate could find probable cause for all three warrants.

**II. ANALYSIS**

    A.   Legal Standard

A warrant application must demonstrate probable cause to believe that (1) a crime has been committed (the "commission" element) and (2) evidence of the offense will be found at the place to be searched (the "nexus" element). United States v. Feliz, 182 F.3d 82, 86 (1999). In determining probable cause, the magistrate's task is "'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be in found in a particular place.'" Id. (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). To establish probable cause, the facts presented "need only 'warrant a man of reasonable caution' to believe that evidence of a crime will be found," id. (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)); it does not demand showing that such belief is "'more likely true than false,'" id. (quoting Brown, 460 U.S. at 742). A reviewing court must accord "considerable deference" to a magistrate's determination and uphold a finding of probable cause if the magistrate had a "substantial basis" for concluding that probable cause existed. Id. (internal citations omitted).

B.  The Merits

1.  Standing

The government conceded at oral argument that Grupee has standing to contest the searches conducted pursuant to the three search warrants at issue.  Therefore, this Court will address Grupee's contentions regarding each search warrant.

2.  The first search warrant for 54 Bedford Street

Grupee argues that the affidavit supporting the search warrant issued on May 28, 2008 for "any and all cellular telephones belonging to Desmond Rodriques" and "any and all paperwork relating to cellular phone ownership" (the "First Warrant") at 54 Bedford Street in New Bedford, Massachusetts ("54 Bedford Street") did not provide sufficient information for a finding of probable cause.  While Grupee concedes that the affidavit fulfilled the "commission" element, he argues that the supporting affidavit did not show a "nexus" between the cell phone and 54 Bedford Street.

The magistrate had a substantial basis to find that probable cause existed.  The affidavit supporting the warrant states that on November 9, 2007, the government's cooperating witness "called . . . [Rodriques] on his cell phone" and minutes later, Rodriques showed up and sold drugs to the cooperating witness, which was recorded on tape.  A magistrate could reasonably conclude from this information that Rodriques either owned the cell phone or

was at least in possession of it.  Grupee argues, however, that this information was stale because the warrant issued in May 2008, six months after the cooperating witness called Rodriques on that particular cell phone.  This Court disagrees.  "[C]ourts . . . do not measure the timeliness of collected information mechanistically, merely counting the number of days elapsed" but instead consider a number of factors, including "the nature of the information, the nature and characteristics of the supposed criminal activity, the nature and characteristics of the place to be searched, the nature of items delineated in the warrant - and the likely endurance of information . . . ."  United States v. Schaefer, 87 F.3d 562, 568 (1st Cir. 1996).

In this case, the evidence sought was a cell phone and cell phone ownership documents.  A cell phone is a durable, legal object likely to be found with its owner, unlike a drug stash or a murder weapon of which one would quickly dispose.  Documents relating to cell phone ownership similarly are durable items likely to be found in an individual's residence.  Moreover, the magistrate could reasonably believe that the cell phone was used as a tool for ongoing drug dealing.  The affidavit stated that the government's cooperating witness used this phone number to contact Rodriquez for a drug buy and that Rodriquez was part of the Montes Park Gang, which had been engaged in ongoing drug activity since at least 2007.  See id. ("The longer the expected

duration of criminal activity and the longer the expected life of items attendant to it, the more likely that a datum from the seemingly distant past will be relevant to a current investigation."). Finally, the affidavit states that the police called the cell phone and found that it was still active on May 28, 2008, the day the warrant was issued. Therefore, the Court holds that the information supporting the First Warrant was not stale.

Grupee also argues that there was insufficient information in the affidavit supporting that Rodriquez currently resided at 54 Bedford Street. The affidavit, however, states that Rodriquez had "consistently" given 54 Bedford Street as his address "numerous times" during arrests and field interrogations "in the past few years," and had been "observed by officers to enter and exit 54 Bedford Street numerous times." This information is corroborated by the statement in the affidavit that Roderiquez's address was listed with the Registry of Motor Vehicles as 54 Bedford Street. Although the affidavit does not specify exact dates on which officers had in the past arrested, interrogated, or observed Rodriquez entering or exiting the address, a sixteen-year-old such as Rodriquez is unlikely to be able to move residences easily and there was no indication that he had moved.

Therefore, there was a substantial basis on which the magistrate could conclude that there was probable cause to find

Rodriquez's cell phone and any documents related to the cell phone at 54 Bedford Street.  Thus, Grupee's motion to suppress evidence found pursuant to the first warrant is DENIED.

       3.   The second search warrant for 54 Bedford Street

Grupee argues that the warrant issued on May 29, 2008 for "firearms," "ammunition," "controlled substances," "monies believed to be proceeds of drug sales," and "drug paraphernalia" at 54 Bedford Street (the "Second Warrant") was invalid because the supporting affidavit was based mainly on items discovered pursuant to the First Warrant, which Grupee alleges lacked probable cause.  Because this Court holds that the First Warrant was valid and that any evidence discovered pursuant to such warrant need not be suppressed, the magistrate had a substantial basis to conclude that the supporting affidavit for the Second Warrant provided probable cause.  Thus, Grupee's motion to suppress evidence seized pursuant to the Second Warrant is DENIED.

       4.   The warrant for the Infiniti

During the search pursuant to the First Warrant on May 29, 2009, a Massachusetts State Police drug-detection dog alerted on the exterior of a car that was parked in the driveway of 54 Bedford Street.  Based in part on this information, the magistrate issued a search warrant for "firearms," "ammunition," "controlled substances," "monies believed to be proceeds of drug

sales," and "drug paraphernalia" in a black Infiniti located at 54 Bedford Street (the "Third Warrant"). While Grupee does not dispute that a dog sniff can provide probable cause for a search, he argues that the supporting affidavit did not contain sufficient information for the magistrate to conclude that the dog's alert was reliable, and thus the Third Warrant lacked probable cause.

The supporting affidavit states in relevant part, "[a]n MSP drug detection K-9 also assisted at the scene and the dog alerted on the exterior of one of the vehicles in the driveway." Grupee argues that the affidavit is insufficient because it does not contain information regarding the dog's reliability, track record, certification, or training. This Court holds that a magistrate could reasonably infer from a commonsense reading of the term "MSP drug detection K-9" that the dog was a trained drug-detection canine that had met certain requirements to qualify to serve with the Massachusetts State Police. See United States v. Berry, 90 F.3d 148, 153-54 (6th Cir. 1996) ("The affidavit's references to the dog as a 'drug sniffing or drug detecting dog' reasonably implied that the dog was a 'trained narcotics dog' . . . the affidavit need not describe the particulars of the dog's training."). Moreover, the affidavit includes information that the police officers had just arrested two suspected gang members at 54 Bedford Street and found drugs,

7

firearms, ammunition, and drug paraphernalia inside the house pursuant to the First Warrant. This provides further basis on which the magistrate could reasonably determine that there was probable cause to search the car parked outside 54 Bedford Street.

Because the magistrate had a substantial basis for concluding that there was a fair probability that contraband or evidence would be found in the black Infiniti, Grupee's motion to suppress evidence seized pursuant to the Third Warrant is DENIED.

### III. CONCLUSION

For the reasons stated above, the affidavits supporting the First Warrant, the Second Warrant, and the Third Warrant provided sufficient information on which a magistrate could conclude the existence of probable cause. Accordingly, the defendant's motion to suppress is DENIED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE