UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>AUSTIN GRUPEE,<br>              Defendant. | CRIMINAL ACTION<br>NO. 08-10339-WGY |

YOUNG, D.J.                                                          November 29, 2016

**MEMORANDUM AND ORDER**

I.   **INTRODUCTION**

This case presents this Court with the narrow issue of whether, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and the Court's interpretation of Johnson in United States v. Ramirez, No. 10-10008-WGY, 2016 WL 3014646 (D. Mass. May 24, 2016), petitioner Austin Grupee ("Grupee") is entitled to relief under 28 U.S.C. § 2255, where Grupee was not deemed a career offender under the residual clause of the United States Sentencing Guidelines ("Sentencing Guidelines"), U.S.S.G. §§ 4B1.1, 4B1.2(a)(2), but had his sentencing range calculated based on two prior offenses qualifying as crimes of violence under the residual clause of the Sentencing Guidelines, id. §§ 2K2.1, 4B1.2(a)(2).

### A. Grupee's Sentencing and Direct Appeal

After being charged with being a felon in possession of a firearm and possession of cocaine with intent to distribute in 2008, Grupee pled guilty in 2010 and was sentenced by this Court on March 10, 2011. Sealed Indictment, ECF No. 1; Electronic Clerk's Notes, ECF No. 37; Electronic Clerk's Notes, ECF No. 47. In sentencing Grupee, this Court considered two relevant prior convictions, one for assault and battery on a police officer ("ABPO") and one for resisting arrest. Tr. Disposition, ECF No. 53. This Court concluded that ABPO was not a crime of violence under the Sentencing Guidelines but held that resisting arrest was, resulting in a base offense level of 25. Id. at 15:2-5, 27:4-9. This conclusion led this Court to calculate an applicable sentencing range of 110 to 137 months, from which the Court departed downward, sentencing Grupee to 102 months "in light of the sentences imposed on other similarly situated offenders," while noting that Grupee's crimes were "extraordinarily serious crimes." Id. at 27:8-13. Grupee appealed his conviction and sentence, arguing, inter alia, that none of his predicate convictions were crimes of violence under the Sentencing Guidelines. United States v. Grupee, 682 F.3d 143, 148 (1st Cir. 2012). The First Circuit affirmed the judgment and the sentence after holding that in addition to resisting arrest, ABPO was also a crime of violence under the

[2]

residual clause of the Sentencing Guidelines. Id. at 149. The Supreme Court denied certiorari the same year. Grupee v. United States, 133 S. Ct. 581 (2012).

**B.   Legal Backdrop**

After Grupee's sentence became final, the Supreme Court decided Johnson, holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violated due process. Johnson, 135 S. Ct. at 2556. In Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court confirmed that Johnson was retroactive as applied to the ACCA, under the Teague v. Lane, 489 U.S. 288 (1989), framework.

The ACCA increases the sentencing range of a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) from a maximum of ten years in prison to a minimum of fifteen years in prison if they have three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year," that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to</u>

another." Id. § 924(e)(2)(B) (emphasis placed on what is known as the "residual clause" of the ACCA).

The Sentencing Guidelines include an identically worded definition for "crime of violence" -- its "otherwise" clause known as the Sentencing Guidelines' residual clause. U.S.S.G. § 4B1.2(a)(2). The term "crime of violence" serves multiple functions in the Sentencing Guidelines. An important one is defining who qualifies as a career offender under U.S.S.G. § 4B1.1:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. § 4B1.1(a). A designation as career offender increases an offender's criminal history to Category VI, the maximum possible, and may also increase their offense level -- two variables that determine the initial suggested sentencing range. Ramirez, 2016 WL 3014646, at *7.

Following Johnson and Welch, this Court posed a two-part question in Ramirez: 1) whether the Sentencing Guidelines' residual clause also violated due process and 2) whether Johnson as applied to the career offender sentencing enhancement under the advisory Sentencing Guidelines' residual clause was

[4]

retroactively applicable to collateral petitions. Id. at *2. The Court then answered both questions "yes." Id. at *10.

The term "crime of violence," however, supports an increase in an offender's offense level or criminal history category in a multitude of other circumstances throughout the Sentencing Guidelines. See, e.g., U.S.S.G. §§ 2K2.1(a) (receipt, possession, transportation, and transaction of firearms and ammunition), 2L1.2(b) (unlawfully entering and remaining in the United States), 2S1.1(b) (money laundering), 3B1.5 (use of body armor), 4A1.1 (criminal history category); see also id. §§ 5K2.17 (upward departures for certain possession of semiautomatic firearm), 7B1.1 (classification of probation and supervised release violations). This Court's narrow answer in Ramirez did not address the entire extent of the deployment of the term "crime of violence" and its definitional residual clause within the Sentencing Guidelines.

Here, Grupee's sentencing range calculation under Sentencing Guidelines Section 2K2.1(a)(3) increased his offense level if, inter alia, at least one of his prior convictions qualified as a crime of violence under the residual clause of the Sentencing Guidelines. Grupee, 682 F.3d at 149.

C.  **Section 2255 Petition**

Following Johnson, Welch, and this Court's decision in Ramirez, Grupee filed this Section 2255 petition on June 2,

[5]

2016. Def.'s Mot. Vacate, Set Aside, or Correct Sentence By Person in Federal Custody ("Def.'s Mot."), ECF No. 75. Grupee argues that he is entitled to relief because none of his predicate convictions qualify as crimes of violence after Johnson and its progeny. Id. at 3-4. The government agrees with Grupee's contention that after Johnson, both ABPO and resisting arrest no longer qualify as crimes of violence in Grupee's case. Government's Opp'n Pet. Under 18 U.S.C. § 2255 ("Opp'n") 3, ECF No. 77. The government, however, argues that this Court ought not grant Grupee's petition because either i) Ramirez is distinguishable -- its ruling need not extend beyond the career offender designation, ii) Ramirez was wrongly decided (Johnson is not retroactive as applied to the Sentencing Guidelines) or, iii) if the Court grants the petition, the original sentence remains appropriate. Id. 3-23.

Since Grupee filed the current petition, the Supreme Court has granted certiorari on the dual questions of whether the residual clause of the Sentencing Guidelines violates due process and whether Johnson as applied to the residual clause of the Sentencing Guidelines is retroactive. Beckles v. United States, 136 S. Ct. 2510 (2016); Pet. Writ Cert., id. (No. 15-8544). Notwithstanding the pendency of Beckles, because Grupee has an immediate liberty interest in the resolution of these issues, it is the duty of this Court to address them.

[6]

## II. **ANALYSIS**[1]

This Court first notes that it is satisfied with its ruling in Ramirez -- there is no intervening case law that would convince the Court otherwise -- and will not entertain the government's second argument that Ramirez was wrongly decided. To answer the question of whether Ramirez extends to Grupee's case or is distinguishable, the Court finds it instructive to review how circuit courts across the country have ruled on the issue of the Sentencing Guidelines' residual clause after Johnson and Ramirez. This Court has already explained the retroactivity framework under which Johnson as applied to the Sentencing Guidelines operates in Ramirez and the following discussion presumes familiarity with it. See Ramirez, 2016 WL 3014646, at *4-7.

Two circuit courts have had occasion to rule on the issue of the retroactive application of Johnson to the residual clause of the Sentencing Guidelines, and both have answered the question in the affirmative. See In re Patrick, 833 F.3d 584, 589 (6th Cir. 2016) (explaining that although petitioner was sentenced when the Sentencing Guidelines were mandatory, the retroactivity conclusion does not depend on whether the Sentencing Guidelines are advisory or mandatory); In re Hubbard,

---

[1] The government does not raise any procedural issues related to Grupee's Section 2255 petition.

[7]

825 F.3d 225, 235 (4th Cir. 2016) (Johnson retroactively applies to the residual clause of the mandatory Sentencing Guidelines, which were in effect at time of defendant's sentencing). Although the First Circuit has not yet spoken to the issue, several judges in this district have also agreed with this Court about the retroactivity of Johnson as applied to the residual clause of the Sentencing Guidelines. See United States v. Aponte, No. 11-CR-30018-MAP, 2016 WL 5338505, at *1 (D. Mass. Sept. 22, 2016) (Ponsor, J.); Stampley v. United States, No. 1:11-CR-10302-IT, 2016 WL 4727136, at *3 (D. Mass. Sept. 9, 2016) (Talwani, J.).

In Ramirez, this Court also emphasized the magnitude of the "impact of a career offender designation on a defendant's sentence," Ramirez, 2016 WL 3014646, at *9, in addition to the central role played by the Sentencing Guidelines in the final sentence imposed on a defendant, id. at *8-9. Although the cited circuit and district court cases involved sentencing challenges as a result of the career offender designation, their arguments supporting retroactivity did not particularly address the unique role played by the career offender designation. For example, in its ruling, the Sixth Circuit relied on "the [Sentencing] Guidelines [being] in a real sense the basis for the sentence," In re Patrick, 833 F.3d at 589 (internal quotation marks omitted) (citing Freeman v. United States, 564

[8]

U.S. 522, 528 (2011)), whose "'real and pervasive' and only 'quasi-advisory' effect on sentencing, 'bring[s] them closer to a statute which fixes sentences than a sort of suggested opinion,'" id. (quoting United States v. Pawlak, 822 F.3d 902, 906 (6th Cir. 2016)). What convinced these courts was the general anchoring effect of a Sentencing Guidelines range. See id. (citing Peugh v. United States, 133 S. Ct. 2072, 2084 (2013)). The Fourth Circuit noted that the "defendant may still be subject to the same statutory range of punishments, but 'even the use of impeccable factfinding procedures could not legitimate a sentence based on [the residual] clause.'" In re Hubbard, 825 F.3d at 234 (quoting Welch, 136 S. Ct. at 1265). These arguments preserve their validity with respect to the other applications of the residual clause throughout the Sentencing Guidelines. This Court has also noted in Ramirez that Johnson as applied to the Sentencing Guidelines is retroactive because its rule "alters the class of persons subject to career offender-enhanced sentences. This class no longer includes individuals whose past offenses are crimes of violence solely as a result of the Guidelines' Residual Clause." Ramirez, 2016 WL 3014646, at *9 n.23. Similarly, beyond the residual clause, Johnson as applied to the Sentencing Guidelines alters the class of individuals subject to a higher offense level or criminal history category, which no longer includes

[9]

those individuals whose past offenses were crimes of violence solely by virtue of the Guidelines' residual clause. This Court is, thus, in agreement with the other circuits that Johnson's retroactivity applies to the residual clause of the Sentencing Guidelines and not just the career offender designation.[2] Other

---

[2] After all, the other uses for crime of violence and the career offender designation are extremely interconnected. For example, designating someone as a career offender requires that their current offense be a crime of violence and that they have at least two past convictions for crimes of violence. After Johnson, should a court decide that the defendant is no longer a career offender, it would be required to recalculate the offender's sentence range. To do so, the court must implicitly assume that Johnson applies retroactively to each individual crime of violence component. If the court did not so assume, it would create a paradox in which the career offender enhancement does not apply, but other enhancements based on predicate crimes of violence do, such as that under Section 2K2.1. This would be strange in practice; further, it is not clear that there is enough of a numerical difference between a career offender enhancement and other enhancements under Section 2K2.1 for a court to differentiate between them.
  Of course, inferring retroactivity in the Guidelines context presents a thorny issue, because it leads down the slippery slope of assuming that any greater shift in the Guidelines (if based on some constitutional foundation) is also substantive and retroactive. The problem is that the Supreme Court has separated both substantive and procedural aspects in terms of risk (which Ramirez emphasized) and in some qualitative or descriptive terms (which the Fourth and Sixth Circuits adopting retroactivity have embraced). The latter changes the class of people affected, such that the court can no longer legitimately impose a sentence based on the residual clause. Moreover, the sentencing issue affects the relationship between judge and jury. This qualitative angle veers very much into a procedural thicket -- one can define a class however one wants, yet a court can no longer legitimately rely on a constitutionally invalid procedural rule. This, however, does not make that rule less procedural. These nuances need not be resolved in this opinion -- the Supreme Court may need to reframe how it thinks about retroactivity in Beckles, maybe

district courts that have encountered similar Section 2255 Johnson petitions have assumed without blinking that retroactivity extends beyond the career offender question to other sections of the Sentencing Guidelines. See, e.g., Carpio v. United States, No. C16-0647JLR, 2016 WL 6395192, at *2, *6 (W.D. Wash. Oct. 28, 2016) (petitioner had two prior crimes of violence under the Sentencing Guidelines and the district court had not specified under which section of the Sentencing Guidelines it calculated the sentence); Nedrow v. United States, No. C16-5448BHS, 2016 WL 6267805, at *1 (W.D. Wash. Oct. 26, 2016) (petitioner was sentenced under Section 2K2.1(a)(2) of the Sentencing Guidelines).

Having agreed with Grupee on the question of retroactivity, this Court now discusses whether this decision requires a resentencing. According to Grupee, the new sentencing range with no crime of violence would be 92 to 115 months. Def.'s Mot. 2-3. This would place Grupee's current sentence of 102 months below what the Court considers to be the "constitutionally permissible" maximum for his sentence. See Ramirez, 2016 WL 3014646, at *8 n.18; see also United States v.

---

carving out sentencing as a special situation (because it has never really decided whether Teague applies to sentencing) -- the law as it is now only leads to imperfect solutions. This Court continues to think that siding with retroactivity is the correct approach in the long-term.

[11]

Kandirakis, 441 F. Supp. 2d 282, 335-36 (D. Mass. 2006). The Court has already considered the 18 U.S.C. § 3553(a) and other mitigating factors at the prior sentencing. These factors guided this Court's final conclusion that departed downward from the Guidelines range as to the sentences imposed on similar offenders. See Tr. Disposition 2-27.

While there is authority that the Court need not resentence Grupee if "the same sentence would have been imposed under either guideline range," United States v. Roselli, 366 F.3d 58, 64 (1st Cir. 2004) (citing United States v. Carrozza, 4 F.3d 70, 88 (1st Cir. 1993)); see also United States v. Bermingham, 855 F.2d 925, 931 (2d Cir. 1988),[3] by far the better practice is to afford a completely fresh resentencing whenever it is determined that the Guidelines have been incorrectly calculated. Molina-Martinez v. United States, 136 S. Ct. 1338, 1346-47 (2016); Gall v. United States, 552 U.S. 38, 51 (2007). This makes sense

---

[3] A judge can refuse to resentence if reasons are given for why the same sentence would be imposed, see, e.g., United States v. Lasaga, 396 F. App'x 774, 776 (2d Cir. 2010), but a court "may not pick a particular sentence solely to avoid the necessity of determining the guideline sentencing range," Roselli, 366 F.3d at 63-64. More recent opinions, such as the Supreme Court's Molina-Martinez decision are moving in the direction of lowering the burden for defendants wishing to establish that even for sentences given that are included in the overlap between wrongly-computed and correctly-computed guidelines range, there is a reasonable probability that the district court would have imposed a different sentence. Molina-Martinez v. United States, 136 S. Ct. 1338, 1347 (2016).

within the argument that <u>Ramirez</u> and others, including this opinion, have been making that there is an anchoring effect, a gravitational pull to the Guidelines.

### III. CONCLUSION

Accordingly, to determine properly this petition for habeas corpus requires that Grupee first be afforded an entirely fresh sentencing hearing with a properly calculated Guidelines range, full argument by counsel, and an opportunity afforded Grupee to make a fresh allocution. While this procedure affords the Guidelines their full "anchoring" effect, counsel is cautioned against making arithmetic arguments, i.e., because the present sentence departed below the original Guidelines range, a proper revised sentence ought depart by the same percentage below the revised range. Such an argument exalts relatively meaningless arithmetic above the statutorily controlling sentencing factors. <u>See</u> 18 U.S.C. § 3553(a). Indeed, today when more than half of the sentences actually imposed fall outside the applicable Guidelines ranges, U.S. Sentencing Comm'n, Statistical Information Packet, Fiscal Year 2015, First Circuit 12 tbl.9, 18 tbl.10 (2015), such arguments are positively misleading. Indeed, it is precisely to counter any improper anchoring that this Court consults the publicly available databases during every sentencing to determine, as best it can, what sentences

are actually being handed out for like crimes.  Today those data are the most meaningful "guideline."

Following this resentencing hearing and, upon due consideration, if the Court leaves the original sentence intact, the petition will be denied.  Should the Court revise the sentence downward, the petition will be allowed and a revised judgment will issue.

**SO ORDERED.**

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE